IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 2:10-CR-50-D

UNITED STATES OF AMERICA )
)
)
v. ) **ORDER**
)
SHAWN KENDRICK DANIELS, )
)
Defendant. )

On January 7, 2021, Shawn Kendrick Daniels ("Daniels") moved for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 53, 57] and filed a memorandum and records in support [D.E. 58]. On January 21, 2021, the government responded in opposition [D.E. 61]. On January 28, 2021, Daniels replied [D.E. 63]. As explained below, the court denies Daniels's motions for reduction of sentence.

I.

On December 6, 2010, pursuant to a written plea agreement, Daniels pleaded guilty to three counts. See [D.E. 18, 19]. Count one charged conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine and five grams or more of cocaine base (crack). See [D.E. 19] 4. Count four charged distribution of five grams or more of cocaine base (crack) within one thousand feet of a school or playground. See id. at 5. Count six charged money laundering. See id. at 5–6. On September 22, 2011, the court held Daniels's sentencing hearing. See [D.E. 44]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Daniels's total offense level to be 35, his criminal history category to be VI, and his advisory guideline range to be 292 to

365 months' imprisonment. See PSR [D.E. 38] 18. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Daniels to 252 months' imprisonment on counts one and four and 240 months' imprisonment on count six to run concurrently. See [D.E. 42, 44, 45]. Daniels did not appeal.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ... that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States

2

v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

The court assumes without deciding that Daniels's new advisory guideline range is 235 to 293 months' imprisonment based on a total offense level 33 and a criminal history category VI. See [D.E. 64] 2; [D.E. 63] 2; [D.E. 58] 2, 4–5.[1] The court has discretion to reduce Daniels's sentence. See Gravatt, 953 F.3d at 262–64; Wirsing, 943 F.3d at 184–86; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4. The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a).

---

[1] Daniels is no longer a career offender. See [D.E. 58] 2–5. Daniels concedes, however, that the career offender designation did not affect his old or new advisory guideline range. See id.

3

See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Daniels's offense conduct, Daniels engaged in prolonged, serious drug dealing between 1995 and 2010 (other than when incarcerated). See PSR ¶¶ 11–14. Daniels supervised members of a drug trafficking conspiracy and was accountable for distributing 14.9 kilograms of cocaine and 264.95 grams of cocaine base (crack) in Manteo, North Carolina. See id. Daniels also is a violent recidivist with convictions for disorderly conduct (two counts), possession of a schedule II controlled substance, possession of drug paraphernalia (three counts), no operator's license, sell and deliver cocaine (two counts), possession with intent to sell and deliver cocaine (two counts), conspiracy to possess with intent to sell and deliver cocaine, driving while license revoked (two counts), domestic criminal trespass, resisting a public officer, possession with intent to sell and deliver a schedule II controlled substance (two counts), maintaining a vehicle/dwelling/place for controlled substances (three counts), possession with intent to sell and deliver counterfeit controlled substance, cruelty to animals (seven counts), and communicating threats. See PSR ¶¶ 16–32. Daniels also has performed poorly on supervision and has a sporadic work history. See PSR ¶¶ 21–22, 25, 27, 31, 52–57. Nonetheless, Daniels has taken some positive steps while incarcerated on his federal sentence and does not have any disciplinary infractions. See [D.E. 58] 5–6; [D.E. 58-3]; [D.E. 58-4]; [D.E. 64] 3. Cf. Pepper v. United States, 562 U.S. 476, 491 (2011); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). In light of Daniels's prolonged, serious criminal conduct, terrible criminal record, horrible performance on supervision, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate Daniels, the court declines to reduce Daniels's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68;

4

Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would not reduce Daniels's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES Daniels's motions for reduction of sentence [D.E. 53, 57].

SO ORDERED. This 25 day of March 2021.

JAMES C. DEVER III
United States District Judge